**IN THE COURT OF APPEALS OF IOWA**

No. 16-1344
Filed April 19, 2017

**IN RE THE MARRIAGE OF MICHELLE MARIE WATKINS
AND CLIFFORD JAMES WATKINS III**

**Upon the Petition of
MICHELLE MARIE WATKINS,**
        Petitioner-Appellee,

**And Concerning
CLIFFORD JAMES WATKINS III,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, David M. Porter,

Judge.


        Respondent appeals the district court decision modifying his child support

obligation.  **AFFIRMED AS MODIFIED.**



        Christopher R. Kemp of Kemp & Sease, Des Moines, and David A. Morse

of Law Offices of David A. Morse, Des Moines, for appellant.

        Jason S. Rieper of Rieper Law, P.C., Des Moines, for appellee.



        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Clifford Watkins III appeals the district court decision modifying his child support obligation. We find the district court improperly calculated the amount Clifford was required to pay in child support. Under the child support guidelines, Clifford should be required to pay $740.93 per month. We affirm the decision of the district court as modified.

Clifford and Michelle Watkins were previously married. They have one child, born in 1998.[1] The parties' dissolution decree, filed on September 16, 2013, granted the parties joint legal custody of the child, with Michelle having physical care. At the time of the dissolution, Michelle had a gross annual income of $28,730 and Clifford had a gross annual income of $56,448. Clifford was ordered to pay child support of $635 per month.

On October 12, 2015, Michelle filed an application for modification of Clifford's child support obligation. She claimed Clifford's income had substantially increased since the time of the dissolution decree. The district court entered a decision finding Clifford had a gross annual income of $69,245 and Michelle had a gross annual income of $32,854. The court concluded under the child support guidelines Clifford should pay $1019 per month.

Clifford appealed the district court's decision.[2] He does not challenge the finding there was a substantial change in circumstances. Clifford claims the

---

[1] The child became eighteen years old in September 2016. Under the original decree, Clifford was responsible to pay child support until the child became eighteen or graduated from high school, but no later than when the child turned nineteen years old. At the time of the modification hearing, in May 2016, the child was seventeen years old and attending high school.
[2] Michelle waived filing an appellate brief in this case.

district court improperly calculated the amount of his child support obligation. In this equitable action, our review is de novo. *See* Iowa R. App. P. 6.907.

In calculating the support obligation, the court considered Clifford's base pay, longevity pay, and overtime pay, and found this amount to be $69,345.56. The amount of overtime pay was found to be $2855.76. In calculating Clifford's child support, the court found his gross annual income, not including overtime, was $69,245. Clifford is paid $30.50 per hour in regular pay, plus $1.47 per hour in longevity pay, giving him a gross annual income of $66,497, without overtime pay. We determine Clifford's child support obligation should be based on his income without overtime. While Clifford sometimes worked overtime, he testified he usually received compensated time off (comp time) rather than payment for overtime.

Clifford also claims the district court improperly applied the child support guidelines. The court did not include its calculations to show how it arrived at the conclusion Clifford should pay child support of $1019 per month, and the amount is not based on the parties' child support worksheets. We accept Clifford's calculations showing his child support should be $740.93 per month.

We find the district court improperly calculated the amount Clifford was required to pay in child support. Under the child support guidelines, Clifford should be required to pay $740.93 per month. We affirm the decision of the district court as modified in this memorandum opinion, pursuant to Iowa Court Rule 21.26(a), (e).

**AFFIRMED AS MODIFIED.**